T.C. Memo. 2003-131

UNITED STATES TAX COURT

CHARLES C. JONES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7887-02.                    Filed May 5, 2003.

Charles C. Jones, pro se.

<u>Alan J. Tomsic</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion).[1]
Respondent determined a deficiency in, and an accuracy-related

---

[1]Although the Court ordered petitioner to file a response to
respondent's motion, petitioner failed to do so.

penalty under section 6662(a)[2] on, petitioner's tax for 1999 in the respective amounts of $9,823 and $1,965. We shall grant respondent's motion.

Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Las Vegas, Nevada, at the time he filed the petition in this case.

On or about April 17, 2000, petitioner filed a Federal income tax (tax) return for his taxable year 1999 (1999 return). In that return, petitioner claimed his filing status was single and reported total income of $0 and total tax of $0. Petitioner attached a document to his 1999 return (petitioner's attachment to his 1999 return) that contained statements, contentions, and arguments that the Court finds to be frivolous and/or ground-less.[3]

On January 25, 2002, respondent issued to petitioner a

---

[2]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

[3]Petitioner's attachment to his 1999 return is very similar to the documents that certain other taxpayers with cases in the Court attached to their tax returns. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

notice of deficiency (notice)[4] with respect to his taxable year 1999. In that notice, respondent determined that for 1999 petitioner had unreported wage income of $44,976, unreported capital gain income of $6,344 from the disposition of stock, unreported interest income of $66, and unreported dividend income of $31. Respondent also determined in the notice that petitioner's filing status for 1999 was married filing separate. In addition, respondent determined in the notice that petitioner is liable for 1999 for the accuracy-related penalty under section 6662(a) because of (1) negligence or disregard of rules or regulations or (2) a substantial understatement of tax.

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Petitioner does not point to any credible evidence with respect to any factual issue relevant to ascertaining whether the determinations in the notice are erroneous. We conclude that petitioner has the burden of proving that those determinations

---

[4]The parties agree that the notice incorrectly indicated that petitioner was in bankruptcy on the date respondent issued that notice.

are wrong.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933); sec. 7491(a).

Petitioner alleges no facts and advances no arguments establishing error in respondent's determinations for 1999 that petitioner had unreported income for 1999 totaling $51,417 and that petitioner's filing status for that year was married filing separate.  Nor does petitioner allege any facts or advance any arguments establishing that respondent is wrong in determining that he is liable for 1999 for the accuracy-related penalty under section 6662(a) because of (1) negligence or disregard of rules or regulations under section 6662(b)(1) or (2) a substantial understatement of tax under section 6662(b)(2).[5]

Instead, petitioner denies in the petition that he is liable for the "$9,823.00 increase in tax" and the "$1,965.00 in penalties" that respondent determined in the notice.  In support of those denials, petitioner relies on allegations that the Court finds to be frivolous and/or groundless.[6]

---

[5]Petitioner reported total income of $0 and total tax of $0 in his 1999 return for that year.  We conclude that respondent has satisfied respondent's burden of production under sec. 7491(c) with respect to the accuracy-related penalty determined in the notice.

[6]For example, petitioner alleges in the petition:

3)   Petitioner disputes the following:

     *      *      *      *      *      *      *

     C)   That the letter 1384(SC) is a legal
                                   (continued...)

Although respondent does not ask the Court to impose a penalty on petitioner under section 6673(a)(1), the Court will sua sponte determine whether to impose such a penalty. Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In the instant case, petitioner advances, we believe primarily for delay, frivolous and/or groundless contentions and arguments, thereby causing the Court to waste its limited resources. The record does not disclose whether respondent placed petitioner on notice about section 6673(a)(1), and we shall not impose a penalty under that section at this time. However, the

---

[6](...continued)
        Notice of Deficiency.

    D)    That Richard M. Creamer [respondent's representative who signed the notice] is authorized to create and send out a Notice of Deficiency.

    *      *      *      *      *      *      *

    F)    That Mr. Johnson [respondent's agent who examined petitioner's taxable year 1999] * * * can legally create a form 1040 for Petitioner.

4)    For 1999, Petitioner did not have income from a source that was taxable and submitted a correct form 1040. * * *

Court hereby places petitioner on notice that if, in the future, petitioner institutes or maintains a proceeding in the Court primarily for delay or takes a position in any such proceeding that is frivolous or groundless, the Court will be inclined to impose a penalty on him under section 6673(a)(1).

We have considered all of petitioner's contentions, arguments, and requests that are not discussed herein, and we find them to be without merit and irrelevant.

To reflect the foregoing,

<u>An order granting respondent's motion and decision will be entered for respondent</u>.