T.C. Memo. 2005-24


UNITED STATES TAX COURT


MEREDYTH E. KILGORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7523-03L.          Filed February 15, 2005.


Meredyth E. Kilgore, pro se.

<u>Cynthia A. Berry</u>, for respondent.


MEMORANDUM OPINION


WELLS, <u>Judge</u>:  This matter is before the Court on respondent's motion for summary judgment, filed pursuant to Rule 121, and motion to impose a penalty under section 6673.  All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

At the time of the filing of the petition, petitioner resided in Millis, Massachusetts.

On October 4, 1999, respondent sent petitioner a Proposed Individual Income Tax Assessment, notifying petitioner that respondent had not received from petitioner a 1996 Form 1040, U.S. Individual Income Tax Return (tax return), and advising petitioner to file a tax return in order to receive credit for any available exemptions, deductions, or credits.

Petitioner subsequently submitted a tax return, together with a 1996 Form W-2, Wage and Tax Statement (W-2). The W-2 reported $853.86 in wages from the Town of Millis and $16.86 of Federal income tax withheld. On the tax return, petitioner entered zeros on all lines requesting information regarding petitioner's income and requested a refund of $16.86. Petitioner attached to the tax return a document making the following assertions: (1) No section of the Internal Revenue Code establishes an income tax liability; (2) no section of the Internal Revenue Code requires that income taxes have to be paid on the basis of a return; (3) the "Privacy Act Notice" contained in the Form 1040 booklet informed petitioner that she was not required to file an income tax return; (4) courts have held that a Form 1040 with zeros in all boxes for income qualified as a tax return; (5) petitioner's 1996 income tax return constitutes a

claim for refund pursuant to section 6402; (6) petitioner had zero income in 1996; (7) no statute requires petitioner to make a self-assessment; (8) petitioner's return is not frivolous and is not designed to delay or impede the administration of Federal income tax laws; (9) no Internal Revenue Service (IRS) employee has any delegated authority to determine if a return is "frivolous" or to impose a penalty; (10) section 6702 is benign because there is no related legislative regulation implementing the statute; (11) the IRS has no legal basis to hold the $16.86 withheld for petitioner's 1996 income tax because no assessment was made against her; (12) sections 31(a)(1) and 1462 provide petitioner with a credit against income withheld under section 3402; and (13) no statute allows the IRS to prepare a return for petitioner because petitioner has already filed a return.

In a letter dated April 24, 2000, respondent notified petitioner that respondent considered the tax return to be frivolous and her position to lack any basis in law. Respondent encouraged petitioner to seek advice from competent tax counsel, informed petitioner of the penalty pursuant to section 6702 for the filing of a frivolous tax return, and offered petitioner the opportunity to avoid the frivolous return penalty by submitting a correct return. Petitioner responded that she disagreed with respondent's findings.

Respondent prepared a substitute tax return[1] for petitioner based on the information reported to respondent by third parties. The substitute tax return reported adjusted gross income of $122,429, which included $853 in wages, $116,188 from the sale of stocks and bonds, $5,129 in dividends, and $259 in interest.

On July 5, 2000, respondent issued a statutory notice of deficiency for 1996 to petitioner's last known address. Respondent determined a deficiency of $31,089, a section 6651(a)(1) failure-to-file penalty of $6,991.42, a section 6651(a)(2) failure-to-pay penalty of $7,768.25, a section 6654(a) estimated tax penalty of $1,653.79. Petitioner received the notice of deficiency but did not petition the Tax Court for redetermination, and respondent assessed a total tax liability of $60,126.33.[2]

Respondent subsequently issued a Final Notice Notice of Intent to Levy and Notice of Your Right to a Hearing. In the notice, respondent informed petitioner of respondent's intent to levy and of petitioner's right to a hearing before respondent's Appeals Office pursuant to section 6330. In response, petitioner

---

[1]We are not called on to decide whether the return prepared by respondent met the requirements of a substitute return under sec. 6020(b). See Swanson v. Commissioner, 121 T.C. 111, 112 n.1 (2003).

[2]The assessed tax liability included a deficiency of $31,089, a sec. 6651(a)(1) penalty of $6,991.42, a sec. 6651(a)(2) penalty of $6,836.06, a sec. 6654(a) penalty of $1,653.79, and $13,572.06 of interest.

requested a hearing and again disputed that sections of the "IRS Code" related to the payment of tax applied to her.

On March 13, 2003, petitioner and petitioner's witness Scott Cousland attended a section 6330 hearing with Settlement Officer Henry Lawler, Settlement Officer Maria Russo, and Appeals Team Manager Ed Arcaro. At the hearing, respondent informed petitioner that the Appeals Office would not consider arguments based on constitutional, moral, religious, political, or similar grounds. Petitioner requested to be shown where it says that she has to pay taxes, and respondent provided the applicable Code sections. Petitioner questioned how her tax liability had risen to more than $6 million, as reported on the Form 4340, Certification of Assessments, Payments, and Other Specified Matters (Form 4340), dated January 27, 2003. Respondent acknowledged that the Form 4340 was in error and informed petitioner that corrected transcripts would be sent to her.[3] Petitioner declined to discuss collection alternatives such as an offer-in-compromise or an installment agreement. On March 24, 2003, respondent issued a corrected Form 4340 to petitioner showing an assessment of $60,126.33.

On April 16, 2003, respondent issued a Notice of Determination Concerning Collection Actions(s) Under Section 6320

---

[3]The transcript stated that the balance due was $6,012,633.33. The actual assessed amount was $60,126.33.

and/or 6330, determining that the proposed levy action was appropriate. Petitioner timely filed a Petition for Lien or Levy Action with this Court. The petition set forth the following allegations:

> 1) Paying income tax  No legal law statute/code available for findings
> 2) frivolous filings & penalties not valid
> 3) Assessment cannot be made by IRS/self assessment only
> 4) IRS Tax hearing determination/6320/6330 --
> 5) Numerous issues pertaining to invalid procedures/findings based on NO LAW to collect taxes. Unconstitutional.

On September 25, 2003, respondent filed a Motion to Dismiss for Lack of Jurisdiction and to Strike as to I.R.C. § 6702 Penalty for Tax Year 1996 on the ground that this Court lacks jurisdiction over the section 6702 penalty. Petitioner did not object, and we granted respondent's motion to dismiss with respect to any portion of the case purporting to be an appeal of the section 6702 penalty and ordered that references to the section 6702 penalty in the petition be stricken.

Respondent filed a Motion for Summary Judgment on December 17, 2004.

## Discussion

The purpose of summary judgment is to expedite litigation and avoid the expense of unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). A motion for summary judgment may be granted where there is no dispute as to a

material fact and a decision may be rendered as a matter of law. See Rule 121(a) and (b).[4]  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party.  <u>Craig v. Commissioner</u>, 119 T.C. 252, 260 (2002); <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).  The party opposing summary judgment must set forth specific facts which show that a question of genuine material fact exists and may not rely merely on allegations or denials in the pleadings.  See <u>Grant Creek Water Works, Ltd. v. Commissioner</u>, 91 T.C. 322, 325 (1988); <u>Casanova Co. v. Commissioner</u>, 87 T.C. 214, 217 (1986).

Section 6330 provides that no levy may be made on any property or right to property of a person unless the Secretary first notifies the person in writing of the right to a hearing before the IRS Office of Appeals (Appeals Office).[5]  Section

_____

[4]Rule 121(b) provides:

A decision shall thereafter be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

[5]SEC. 6330 NOTICE AND OPPORTUNITY FOR HEARING BEFORE LEVY.

    (a) Requirement of Notice Before Levy.--

        (1) In general.--No levy may be made on any
                                            (continued...)

6330(c)(1) provides that the Appeals officer must verify at the hearing that applicable laws and administrative procedures have been followed.[6]  Sec. 6330(c)(1).  The Appeals officer may rely on a Form 4340 for purposes of complying with section 6330(c)(1).  <u>Nestor v. Commissioner</u>, 118 T.C. 162, 166 (2002).  At the hearing, the person may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives.  Sec. 6330(c)(2)(A).  The person may challenge the existence or amount of the underlying tax liability, however, only if the person did not receive any statutory notice of deficiency for such tax liability or did not

---

[5](...continued)
property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.
* * *

          *     *     *     *     *     *     *

(b) Right to Fair Hearing.--

     (1) In general.--If the person requests a hearing * *  *, such hearing shall be held by the Internal Revenue Service Office of Appeals.

[6]Sec. 6330(c)(1) provides:

Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

otherwise have an opportunity to dispute such tax liability. Sec. 6330(c)(2)(B).[7]

In the instant case, the undisputed facts set forth in respondent's motion, declarations in support of the motion, and attached exhibits establish that the Appeals Office properly verified that all applicable laws and administrative procedures were followed. Settlement Officer Lawler had had no prior involvement with respect to the unpaid tax liabilities before the section 6330 hearing. He verified that proper assessments were made and that requisite notices had been sent to petitioner. Settlement Officer Lawler informed petitioner that a corrected Form 4340 would be issued, and respondent mailed the corrected transcript to petitioner in a timely fashion.

Because petitioner had received a statutory notice of deficiency, petitioner was precluded from challenging the existence or amount of the underlying tax liability at the hearing. Petitioner failed at the hearing and in her petition to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or

---

[7]Sec. 6330(c)(2)(B) provides:

(b) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

offer an alternative means of collection.  Consequently, the aforementioned issues are deemed to be conceded.  Rule 331(b)(4).

Petitioner has failed to set forth any grounds on which we could find that the Appeals Office erred in its determination that respondent could properly proceed with collection of petitioner's 1996 tax liabilities.  Accordingly, respondent is entitled to summary judgment.

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay a penalty not in excess of $25,000 whenever the taxpayer's position is frivolous or groundless or the taxpayer has instituted or pursued the proceeding primarily for delay.

SEC.  6673.  SANCTIONS AND COSTS AWARDED BY COURTS.

(a) Tax Court Proceedings.--

(1) Procedures instituted primarily for delay, etc.--whenever it appears to the Tax Court that--

(A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,

(B) the taxpayer's position in such proceeding is frivolous or groundless, or

(C) the taxpayer unreasonably failed to pursue available administrative remedies, the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

Petitioner appears to have instituted or maintained the instant case primarily as a protest against the Federal income tax.  See, e.g. United States v. Studley, 783 F.2d 934, 937 (9th

Cir. 1986)(taxpayer's argument that he is not a taxpayer is frivolous); Tolotti v. Commissioner, T.C. Memo. 2002-86 (taxpayer's argument that Commissioner must identify constitutional and statutory provisions that make taxpayer liable for Federal income tax is frivolous), affd. 70 Fed. Appx. 971 (9th Cir. 2003).  We shall not refute frivolous arguments with copious citation and extended discussion.  Williams v. Commissioner, 114 T.C. 136, 138-139 (2000) (citing Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984)).  Respondent informed petitioner that petitioner risked monetary penalty by making such arguments, but petitioner continued to waste the limited resources of the Federal tax system.  Consequently, pursuant to section 6673(a)(1), we shall require petitioner to pay to the United States a penalty of $10,000.

To reflect the foregoing,

An appropriate order and decision will be entered.