T.C. Memo. 2005-158

UNITED STATES TAX COURT

DEBORAH CARMAN GOODIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8218-04L.          Filed June 28, 2005.

Deborah Carman Goodin, pro se.

J. Craig Young, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respon-
dent's motion for summary judgment (respondent's motion for
summary judgment) and respondent's motion for a penalty under
section 6673[1] (respondent's motion for a penalty).  (We shall

_____

[1]All section references are to the Internal Revenue Code
                                        (continued...)

refer collectively to respondent's motion for summary judgment
and respondent's motion for a penalty as respondent's motions.)
We shall grant respondent's motions.

## Background

The record establishes and/or the parties do not dispute the
following.

Petitioner resided in Garner, North Carolina, at the time
she filed the petition in this case.

On February 11, 2002, respondent issued to petitioner a
notice of deficiency (notice of deficiency) with respect to her
taxable years 1997, 1998, and 1999.  In that notice of defi-
ciency, respondent determined a deficiency in, and additions to,
petitioner's Federal income tax (tax), as follows:

| | | Additions to Tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(f) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 1997 | $14,644 | $10,471 | * | $771 |
| 1998 | 5,842 | 4,162 | * | 262 |
| 1999 | 6,759 | 4,801 | * | 319 |

*In the notice of deficiency, respondent stated:

The amount of the addition to tax cannot be determined
at this time, and an addition to tax of 0.5 percent
will be imposed for each additional month, or fraction
thereof, of nonpayment, up to 22.5 percent as provided
by section 6651(a)(2) of the Internal Revenue Code for
the taxable years ended December 31, 1997; December 31,
1998; and December 31, 1999.

Petitioner did not file a petition with the Court with

1(...continued)
(Code) in effect at all relevant times.  All Rule references are
to the Tax Court Rules of Practice and Procedure.

respect to the notice of deficiency relating to her taxable years 1997, 1998, and 1999.

On July 8, 2002, respondent assessed petitioner's tax, as well as additions to tax and interest as provided by law, for each of her taxable years 1997, 1998, and 1999. (We shall refer to those unpaid assessed amounts, as well as interest as provided by law accrued after July 8, 2002, as petitioner's unpaid liabilities for 1997, 1998, and 1999.)

Respondent issued to petitioner the notice and demand for payment as required by section 6303(a) with respect to petitioner's unpaid liabilities for 1997, 1998, and 1999.

On March 24, 2003, respondent issued to petitioner a notice of Federal tax lien filing and your right to a hearing (notice of tax lien) with respect to petitioner's unpaid liabilities for 1997, 1998, and 1999.

On or about April 6, 2003, in response to the notice of tax lien, petitioner filed Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). The following is the only explanation that petitioner provided in her Form 12153 for her disagreement with respondent's proposed collection action: "Mathmaticly [sic] incorrect".

On a date not disclosed by the record, a settlement officer with the Appeals Office (settlement officer) held a telephonic

Appeals Office hearing with petitioner with respect to the notice of tax lien. In connection with the telephonic Appeals Office hearing, the settlement officer relied on transcripts of petitioner's accounts with respect to petitioner's taxable years 1997, 1998, and 1999.

On a date not disclosed by the record, respondent sent to petitioner by facsimile (respondent's facsimile) pertinent sections of the Code, the income tax regulations, and various court cases which establish that petitioner is obligated to pay tax, as well as any additions to tax and interest as provided by law, for each of her taxable years 1997, 1998, and 1999.

On March 10, 2004, in response to respondent's facsimile, petitioner sent to respondent by facsimile a letter (petitioner's March 10, 2004 letter) that stated in pertinent part:

> I specified on form 12153 that the notice of * * * lien were Mathematically incorrect. And my question to you was; Where is the statute and implementing regulation that makes me liable for the penalty or tax? * * * I have a copy of the IRC and the part of the Index, in the front under the subject of "Liability for tax" doesn't even mention Subtitles A through C income taxes. I have been looking at the laws and IRC Statues and Regulations and they show I'm not liable, but absolutely none that show that I am. I am not refusing to pay I will gladly pay as you are requesting if you would please show me the law that says I have "gross income" form a taxable "situs" under 26 CFR § 1.861-8(f) that is legally considered as "taxable income". Please just show me the amount of tax I owe in a way that is consistent with Section 861 of the IRC and the implementing regulation and statute. [Reproduced literally.]

On April 16, 2004, the Appeals Office issued to petitioner a

notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination).  A document that was attached to and incorporated in that notice of determination stated in pertinent part:

### SUMMARY AND BACKGROUND

The taxpayer submitted a timely request for a Collection Due Process Hearing in response to the notice of lien filing.

The taxpayer's request for a Due Process Hearing stated "Mathmaticaly incorrect" Since she received a statutory notice of deficiency, she was told that she could not dispute the liability under collection due process, and the audit reconsideration process was explained to her. Publication 3598 was also sent to her.  In her phone conference, the taxpayer stated that she would pay the tax if we could show her that she was liable for the tax.  Appeals faxed her code, regulations and court cases, but her response by letter dated 3/10/2004 states "I have a copy of the IRC and the part of the Index, in the front under the subject of 'Liability for Tax' doesn't even mention Subtitles A through C income taxes.  I have been looking for the laws and IRC Statutes and Regulations and they show I am not liable, but absolutely none of them show that I am.  I am not refusing to pay as you are requesting if you would please show me that the law says I have 'gross income' form a taxable 'situs' under 26 CFR section 1.861-8(f) that is legally considered as 'taxable' income."  These arguments are frivolous and need not be addressed further, as the information she requested has been provided to her.  The taxpayer has not provided any documentation or collection alternatives.

### Applicable Law and Administrative Procedures

With the best information available, the requirements of various applicable law or administrative procedures have been met.

IRC § 6321 creates a lien on the taxpayer's property if the taxpayer neglects or refuses to pay the tax after the tax is assessed and after notice and demand for

payment, at his last known address, as provided for in IRC § 6303. Review of transcripts have confirmed the tax was assessed 7/8/2002, and notice and demand was mailed to the taxpayer at his last known address, and there is still a balance due.

IRC section 6320(a) provides that the IRS will notify a taxpayer of the filing of a NFTL and of the right to a hearing before the IRS Office of Appeals with respect to the filing of NFTL. Such notification was mailed to you 3/24/2003.

    \*        \*        \*        \*        \*        \*        \*

This Appeals Officer has had no prior involvement with respect to these liabilities.

### Relevant Issues Presented by the Taxpayer

The request for a Collection Process Due Hearing filed by the taxpayer stated "mathmaticaly incorrect." The taxpayer did not file a return, and does not believe that she has "gross income" or owes the tax. A proper assessment was made on 07/08/2002 after mailing the Statutory Notice of Deficiency to the taxpayer's last know address on 2/11/2002. She has been given the opportunity to dispute the assessment before it was made. No alternative to the filing of the NFTL was suggested.

### Balancing the Efficient Tax Collection with Concern Regarding Intrusiveness

Appeals has verified, or received verification, that applicable laws and administrative procedures have been met; has considered the issues raised, and has balanced the proposed collection action with the legitimate concerns that such action be no more intrusive than necessary as required by IRC 6330(c)(3). The case will be returned to compliance for any action they deem appropriate.

The filing of the lien, in this case, properly balances the need for efficient collection action with concerns over the level of intrusiveness necessary to accomplish collection of the liability. It is Appeals determination that Compliance properly followed all procedures and properly filed the lien.

*       *       *       *       *       *       *

## Summary of Determination

Appeals has verified, or received verification, that applicable laws and administrative procedures have been met, has considered the issues raised and has balanced the proposed collection action with the legitimate concerns that such action be no more intrusive than necessary as required by Internal Revenue Code (IRC) section 6320.

- Your request for a Collection Due Process (CDP) hearing was timely filed; accordingly, you were entitled to a CDP Hearing for the filing of the lien,
- We have held a Collection Due Process (CDP) hearing by phone with the Appeals officer, Kathryn A. Lester, your Power of Attorney, John Turner and you, Deborah C. Goodin,
- You stated that the liability was "Mathmaticaly incorrect," that your wages and other income are not "gross income" and are not subject to tax,
- The service has issued a statutory notice of deficiency to you on 2/11/2002, which de-faulted since you did not petition the court by 5/12/2002,
- You cannot dispute the liability under col-lection due process since you have previously been given the opportunity to dispute the liability,
- The tax assessments were made on 7/8/2002,
- You have not raised any collection alterna-tives,
- Therefore, the proposed lien action balances the efficient collection of taxes with the taxpayer's legitimate concern that the col-lection action be no more intrusive than necessary.

The Appeals Office sustains the filing of the lien. The case will be returned to the Compliance Office for appropriate collection actions.  [Reproduced liter-ally.]

Petitioner filed a petition with the Court with respect to

the notice of determination relating to petitioner's unpaid liabilities for 1997, 1998, and 1999. The attachment to the petition (petitioner's attachment to the petition) that we consider to be part of the petition contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[2]

On or about November 11, 2004, after petitioner filed her petition with the Court, petitioner sent to respondent a document entitled "Notice Of Response In The Form Of an Affidavit Under 5 USC" (petitioner's November 11, 2004 affidavit). Petitioner's November 11, 2004 affidavit contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[3]

In response to petitioner's November 11, 2004 affidavit, respondent sent a letter to petitioner dated January 11, 2005

[2]The frivolous and/or groundless statements, contentions, arguments, and requests in petitioner's attachment to the petition are similar to the frivolous and/or groundless statements, contentions, arguments, and requests in petitions filed by certain other taxpayers with cases in the Court. See, e.g., Jones v. Commissioner, T.C. Memo. 2003-131; Copeland v. Commissioner, T.C. Memo. 2003-46.

[3]Petitioner's November 11, 2004 affidavit contained statements, contentions, arguments, and requests that are similar to the types of statements, contentions, arguments, and requests contained in the documents that certain other taxpayers with cases in the Court have sent to the Internal Revenue Service. See, e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, T.C. Memo. 2003-45.

(respondent's January 11, 2005 letter), which stated in pertinent part:

> On November 12, 2004, our office received a document from you captioned "Notice of Response In the Form of An Affidavit Under 5 USC." This document asserts frivolous arguments related to your liability for the unpaid taxes, and demands that our office answer questions and produce documents pursuant to Tax Court Rules 71 and 72. * * *
>
>    *       *       *       *       *       *       *
>
> Our office is prepared to discuss any relevant issues. However, we are under no obligation to discuss frivolous issues such as those raised by you in the Petition in this case. Furthermore, many of your arguments relate to whether you in fact owe the 1997, 1998, and 1999 federal income taxes assessed against you by the IRS. On February 11, 2002, the IRS mailed a statutory notice of deficiency for these income taxes to your last known address. A complete copy of this notice of deficiency is enclosed. You in fact received this notice of deficiency. <u>See</u> "Notice of Response..." (wherein you state "I responded by letter to the Notice of Deficiency..."). <u>Because you received a notice of deficiency for your 1997, 1998, and 1999 income taxes, you are prohibited from disputing either the existence and amounts of these tax liabilities in this proceeding</u>. I.R.C. § 6330(c)(2)(B).
>
>    *       *       *       *       *       *       *
>
> Under I.R.C. § 6673, the Court may award a penalty to the United States in an amount up to $25,000 when the proceeding has been instituted or maintained by a taxpayer primarily for delay, or if the taxpayer's position in the proceeding is frivolous or groundless. In <u>Pierson v. Commissioner</u>, 115 T.C. 576, 581 (2000), this Court issued an unequivocal warning to taxpayers concerning the imposition of damages under section 6673 on those taxpayers who abuse the protections afforded by section 6320 and 6330. Furthermore, in later lien/levy cases, this Court has imposed section 6673 damages against taxpayers who asserted frivolous arguments. <u>See, e.g.</u>, <u>Bradshear [sic] v. Commissioner</u>, T.C. Memo. 2003-196. <u>If you continue to assert frivo-</u>

lous arguments in this proceeding, our office will request the Tax Court to impose damages against you under section 6673.

On March 11, 2005, respondent sent a letter to petitioner (respondent's March 11, 2005 letter), which stated in pertinent part:

> Enclosed is a copy of a recent opinion, Kilgore v. Commissioner, T.C. Memo. 2005-24 (filed February 15, 2005). In Kilgore, the Tax Court granted respondent's motion for summary judgment, and in doing so, rejected as frivolous many of the same arguments you have made in your case. The Tax Court also granted respondent's motion for damages under section 6673, and ordered the petitioner in Kilgore to pay the United States a penalty of $10,000.

In response to respondent's March 11, 2005 letter, on a date not disclosed by the record in March 2005, petitioner sent to respondent another affidavit entitled "PETITION Private Redress of Grievance in the Absence of Judicial Process In the form of An Affidavit With Imperative Need for Response" (petitioner's March 2005 affidavit), which stated in pertinent part:

> This is in response to your notice dated March 11th, 2005. I have found talking with you to be very difficult. Affiant seeks a bill which Mr. Young and the Corporate United States, state Affiant owes.
>
> Send me a certified bill that the federal government says I owe which is verified per Black's Law Dictionary and that you have personal knowledge concerning this debt.
>
> Affiant is sending this petition to avoid Judicial Process and objects to Motion for Summary Judgment.
>
> Do you not realize the hardship and duress you and your organization place on people. The tremendous debt already established and placed on Affiant through

Internal Revenue Service, North Carolina Department of Revenue, fuel bills and other obligations just to name a few.  Time is stolen from family and friends.

On June 13, 2005, petitioner filed with the Court a motion to dismiss, which the Court denied.  Petitioner's motion to dismiss contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[4]

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion for summary judgment.

Petitioner did not file a petition with the Court with respect to the notice of deficiency that respondent issued to her relating to her taxable years 1997, 1998, and 1999.  Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of the Internal Revenue for abuse of

---

[4]The frivolous and/or groundless statements, contentions, arguments, and requests in petitioner's motion to dismiss are similar to the frivolous and/or groundless statements, contentions, arguments, and requests in documents filed by certain other taxpayers with cases in the Court.  See, e.g., Fink v. Commissioner, T.C. Memo. 2003-61; Smith v. Commissioner, supra.

discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).

As was true of petitioner's March 10, 2004 letter, petitioner's attachment to the petition, petitioner's November 11, 2004 affidavit, petitioner's March 2005 affidavit, and petitioner's motion to dismiss, petitioner's position in petitioner's response to respondent's motion for summary judgment (petitioner's response) and petitioner's supplement to petitioner's response is frivolous and/or groundless.[5]

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's unpaid liabilities for 1997, 1998, and 1999.

In respondent's motion for a penalty, respondent requests that the Court require petitioner to pay a penalty to the United States pursuant to section 6673(a)(1).  Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was

_____

[5]The statements, contentions, arguments, and requests set forth in petitioner's response are similar to the statements, contentions, arguments, and requests set forth in responses by certain other taxpayers with cases in the Court to motions for summary judgment and to impose a penalty under sec. 6673 filed by the Commissioner of Internal Revenue in such other cases.  See, e.g., Smith v. Commissioner, T.C. Memo. 2003-45.

instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In Pierson v. Commissioner, 115 T.C. 576 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions. In respondent's January 11, 2005 letter, respondent advised petitioner of the holding in Pierson v. Commissioner, supra, and cautioned petitioner that if she continued to assert frivolous arguments, respondent would request that the Court impose a penalty on her under section 6673. On March 31, 2005, the Court issued an Order in which, inter alia, the Court reminded petitioner about section 6673(a)(1) and indicated that if petitioner continued to advance statements, contentions, arguments, and/or requests that the Court found to be frivolous and/or groundless, the Court would be inclined to impose on petitioner a penalty not in excess of $25,000 under section 6673(a)(1).

Nonetheless, in the instant case, petitioner alleged in petitioner's attachment to the petition, argued in petitioner's motion to dismiss, and advances in petitioner's response and petitioner's supplement to petitioner's response, we believe

primarily for delay, frivolous and/or groundless statements, contentions, arguments, and requests, thereby causing the Court to waste its limited resources. We shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $7,000.

We have considered all of petitioner's statements, contentions, arguments, and requests that are not discussed herein, and, to the extent we have not found them to be frivolous and/or groundless, we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motions.

To reflect the foregoing,

> An order granting respondent's motions and decision for respondent will be entered.