T.C. Memo. 2005-182

UNITED STATES TAX COURT

DAWSON CRAIG LANE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17146-04L.             Filed July 25, 2005.

Dawson Craig Lane, pro se.

J. Craig Young, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, Judge:  This case arises from a petition filed in
response to a notice of determination concerning collection
action(s) under section 6320[1] and/or 6330 (notice of determina-

_____

[1]All section references are to the Internal Revenue Code at
all relevant times.  All Rule references are to the Tax Court
Rules of Practice and Procedure.

tion).

We must decide whether respondent may proceed with the collection action as determined in the notice of determination with respect to petitioner's taxable year 2001. We hold that respondent may proceed with that collection action. We must also decide whether to grant respondent's motion for a penalty under section 6673. We shall deny that motion.

FINDINGS OF FACT

All of the facts have been stipulated by the parties and are so found.[2]

Petitioner resided in Knightdale, North Carolina, at the time he filed the petition in this case.

Petitioner and Victoria L. Lane (Ms. Lane), his spouse, timely filed Form 1040A, U.S. Individual Income Tax Return (Form 1040A for 2001), for the taxable year 2001. In Form 1040A for 2001, petitioner and Ms. Lane reported total income of $38,456, taxable income of $18,031, total Federal income tax (tax) of $2,704, and tax withheld of $651.62 and claimed an overpayment of $651.62 and a refund of the same amount. They did not remit any payment with Form 1040A for 2001.

Petitioner handwrote the following near the line in Form 1040A for 2001 on which he and Ms. Lane reported tax withheld of $651.62: "This money withheld despite protest! See attached

---

[2]This case was submitted pursuant to Rule 122.

letter." The letter attached to Form 1040A for 2001 was signed by petitioner and asserted:

> Several years ago I became aware of the immoral activities that our government was involved in with my tax dollars. At that time I adjusted my life style so that I would not owe and taxes and therefore not be supporting this activity. However, last year I found it necessary to take a 'normal' job and thus have had to file the enclosed return this year. I have requested on the return that all money collected through payroll deductions be returned. As long as one child is murdered in the womb with tax dollars, or one young person is being taught premarital sex of OK in school or one family is being broken up for easy welfare money or any of the other inappropriate ways the government is encouraging sin, then I'm afraid that I can not contribute. As I see it our laws allow for people of faith (i.e. the Amish and the Mennonite) to be exempt from taxes on moral grounds and so I claim these exemptions. [Reproduced literally.]

In determining the taxable income of $18,031 reported in Form 1040A for 2001, petitioner and Ms. Lane claimed dependency exemptions for their sons Caleb C. Lane (Caleb) and Joshua D. Lane (Joshua), both of whom were at all relevant times citizens and residents of the United States. In claiming such exemptions, petitioner and Ms. Lane stated "NONE" after each son's name in the space provided in Form 1040A for 2001 for "Dependent's social security number".

Respondent summarily disallowed the personal exemptions claimed for Caleb and Joshua in Form 1040A for 2001, thereby increasing (1) the taxable income shown in that form from $18,031 to $23,831 and (2) the total tax shown in that form from $2,704 to $3,574. Respondent allowed a rate reduction credit of $600,

thereby decreasing the tax of $3,574 to $2,974.

On May 27, 2002, respondent assessed petitioner's[3] tax of $2,974 for 2001, as well as interest as provided by law on the amount of such unpaid tax.[4]  Respondent also summarily determined that petitioner is liable for 2001 for the addition to tax under section 6651(a)(2).  (We shall refer to any unpaid assessed amounts with respect to petitioner's taxable year 2001, as well as interest as provided by law accrued after May 27, 2002, as petitioner's unpaid liability for 2001.)

Respondent issued to petitioner the notice and demand for payment required by section 6303(a) with respect to petitioner's unpaid liability for 2001.

On June 26, 2003, respondent sent petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to petitioner's unpaid liability for 2001.

On July 21, 2003, in response to the notice of intent to levy, petitioner filed Form 12153, Request for a Collection Due Process Hearing, and requested a hearing with respondent's Appeals Office (Appeals Office).

---

[3]Ms. Lane is not a petitioner in the instant case.  Hereinafter, we shall refer only to petitioner.

[4]Respondent credited tax withheld of $651.62 against petitioner's tax of $2,974 for 2001, thereby resulting in an unpaid balance of tax of $2,322.38.

On November 24, 2003, a settlement officer with the Appeals Office held a hearing with petitioner with respect to the notice of intent to levy. During that hearing, petitioner continued to object on religious and moral grounds to paying tax.

On April 27, 2004, petitioner sent a letter (petitioner's April 27, 2004 letter) to the Internal Revenue Service (IRS) in Atlanta, Georgia. That letter stated in pertinent part:

> For the last 3 years I have requested that all of my withholdings be returned on religious and moral grounds. Even though I have cited examples of groups that claim this type of exemption you continue to deny it and at the same time refuse to provide 1 code reference to back up your claim that everyone must pay. To date you are still holding $1700 of my money.
>
> Enclosed you will find my 2003 return, including some of the documentation of my deductions which you have questioned in the past. Also, you will find amended returns for 2002 & 2001. It came to my attention this year that the Child Tax Credit on line 49 did not refer to the Earned Income Credit as I had thought. It's one of my long-standing opinions that our tax system itself is immoral and fraudulent since it's impossible for anyone to know that they've paid the right amount. This error has proved my point, especially since you were trying to collect $503.33 even though you owe me $421.17.
>
> As I see it the 2001 return shows I owe $859, but the 2002 & 2003 returns leave $1629 in unclaimed credits. Thus leaving more than enough to cover the debt and still restore the $652 paid in 2001. Add the $421 (2002) and $621 (2003) and you owe me $1700. This won't settle our dispute over our religious exemption issue but it will mean that none of my money has gone to fund abortions, and that is good enough for me now!

Petitioner enclosed with petitioner's April 27, 2004 letter to the IRS Form 1040X, Amended U.S. Individual Income Tax Return

(Form 1040X for 2001), that he had prepared for his taxable year 2001.  In Form 1040X for 2001, petitioner claimed child tax credits of $1,200 for his sons Caleb and Joshua.

On August 10, 2004, the Appeals Office mailed to petitioner a notice of determination.  The notice of determination stated in pertinent part:

### Summary of Determination

The intent to levy, as proposed by the Internal Revenue Service in its letter to you dated June 26, 2003, is sustained.

An attachment to the notice of determination stated in pertinent part:

**Summary and Recommendation**

* * * * * * *

The issue is whether you have a valid challenge to the appropriateness of the notice of intent to levy by the Internal Revenue Service.  After conducting a hearing and taking into account your record of compliance, it is my recommendation that the intent to levy be sustained.

**Brief History**

The liability for the above identified tax period [2001] results from under withholding and insufficient estimated tax payments.  In addition to the unpaid income tax liability, a portion of the balance due is composed of the statutory additions of the late payment penalty and interest.  Your tax problems have continued to accumulate because, it has been determined that you have not filed income tax returns for the years 1997, 1998, 1999, 2000, and 2002.

* * * * * * *

**Discussion and Analysis**

**1.  Verification of Legal and Procedural Requirements**

You and your spouse timely filed your 2001 income tax return on April 15, 2002.  Income tax in the amount of $2,974.00 was assessed for the 2001 tax period under Internal Revenue Code Section 6201.  Prepayment credits from federal withholding taxes in the amount of $651.62 were credited to your account.

    *       *       *       *       *       *       *

A review of the transcript and administrative file confirms that the taxes were assessed and Notice and Demand was mailed to your last known address within 60 days of the assessment.  The record shows that you did not pay the liability within ten days after receipt of Notice and Demand.

    *       *       *       *       *       *       *

All legal and procedural requirements for the proposed levy have been satisfied.

**2.  Issues Raised by You**

At the time of the hearing with the Appeals Officer, you indicated that although you have no objections to filing a federal income tax return, you do object to paying federal income taxes based on religious grounds. You indicated that your own religious beliefs prevent you from paying federal taxes.  You also objected to the payment of taxes based on the government's use of taxes to fund certain government programs that you object to.  Appeals does not have legal jurisdiction to consider religious objections to the payment of taxes.

With regards to the unfiled tax returns for the years 1997, 1998, 1999, 2000 and 2002, you indicated that you were not required to file income tax returns for these periods because you believed that you failed to earn enough income to file a tax return.  Information to support your belief was not provided.

No other issues, including possible collection alternatives to the proposed levy action, were raised by you.

**3.  Balancing Efficient Collection Actions with Con-
cerns Over the Intrusiveness of the Proposed Collection
Action**

Since you have not raised a valid challenge to the
appropriateness of the proposed levy, and since you are
unwilling to pay the assessment voluntarily, our judg-
ment is that the levy action as proposed by compliance
balances the Service's need for efficient collection
with your concerns over the intrusiveness of that
action.  Levy action may be taken consistent with the
prior notice requirements of IRC Section 6331 to the
extent that this liability remains unpaid.

On March 1, 2005, petitioner sent a letter (petitioner's

March 1, 2005 letter) to respondent's counsel in the instant case

(respondent's counsel).  Petitioner's March 1, 2005 letter stated

in pertinent part:

> As I see it we have two separate points to deal
> with.  The first, is my claim to an exemption from
> taxes for moral and religious grounds similar to the
> exemption granted the Amish and other groups.  To date
> no one from the IRS has provided me with any law prov-
> ing that this exemption is not allowed.
>
> The second issue is in regard to the return I
> filed, so as not to be charged with 'failure to file'
> while awaiting a resolution to the first issue and also
> to show the amount of withheld taxes I was asking to be
> returned.  This is the area that the IRS has chosen to
> focus on.  Here we have only two areas of contention.
> The first is my choice to file Head of Household (I
> have previously submitted a full explanation for my
> reasoning for this), your answer of "you can't do
> that!" is inadequate to resolve this matter and was
> typical of the Bulwarian attitude that has brought us
> to this point.  Finally, is the point of Social Secu-
> rity Numbers (SSN) for my children.  Thank you for the
> case opinions you provided on this point.  These fi-
> nally give us a place to build a discussion.
>
> You insisted that these cases proved that I needed
> SSN's but these cases actually refer to Taxpayer Iden-
> tification Numbers (TIN).  I find it especially inter-

esting in the Miller decision that the Judge recognizes ". . . their claim was cognizable under the Religious Freedom Restoration Act . . ." So without having to get into a long discussion of why I don't want to get my children into that fraudulent system at least my right to stay out is confirmed. This same Judge goes on to support the IRS's need for the TIN (not the SSN) for it's work. If the SSN, which is provided by the Social Security Administration were the only number available I'd say you had me over a barrel, but since the IRS also issues TIN's there remains an option. I saw at least six TIN categories listed on the IRS website. I saw none that seemed to fit my requirements but once the IRS offers the first alternative to a SSN the 14th Amendment kicks in and protects my right to chose that option. Therefore I picked the form that seemed closest to my needs and have included it for your submission. As a representative of the IRS you should be able to expedite the issuance of these numbers and thus get this issue off the courts table. Please let me know if a different form or original documents are needed.

Petitioner provided to respondent's counsel with petitioner's March 1, 2005 letter two altered Forms W-7, Application for IRS Individual Taxpayer Identification Number (Form W-7), that petitioner had prepared on behalf of his sons Caleb and Joshua, respectively. At all relevant times, Form W-7 was to be used "by individuals who are not U.S. citizens or permanent residents." The alterations that petitioner made to those respective Forms W-7 included crossing out (1) the word "Individual" in the name of that form and (2) the word "foreign" that appeared in that form where the applicant was to provide such applicant's "foreign address".

On March 31, 2005, respondent's counsel sent a letter (respondent's counsel's March 31, 2005 letter) to petitioner with

respect to the instant case.  That letter stated in pertinent part:

> This is in response to the issues you raised at our recent conference and in your letter dated March 1, 2005.

> \*      \*      \*      \*      \*      \*      \*

> **Taxpayer Identification Number**

> As you know, the IRS disallowed the dependency exemptions you claimed for your two children on your 2001 return.  You take the position that these exemptions should be allowed, and that, in addition, you should be allowed to claim the child tax credit provided by I.R.C. § 24.  During our conference, the undersigned correctly informed you that no such exemptions or credit could be allowed unless you obtained social security numbers ("SSN"), for your children and provided those SSN to the IRS.  You refuse to obtain or provide such SSN.

> I.R.C. § 151(e) provides that no dependency exemption is allowable "with respect to any individual unless the TIN of such individual is included on the return claiming the exemption."  See I.R.C. § 7701(a)(41) (defining "TIN" as "the identifying number assigned to a person under section 6109").  Similarly, I.R.C. § 24(e) disallows any child tax credit "with respect to any qualifying child unless the taxpayer includes the name and taxpayer identification number of such qualifying child on the return of tax for the taxable year."

> In your March 1, 2005, letter, you take the position that the TIN required by the above statutes need not be an SSN, and can be a TIN assigned by the IRS. With that letter, you included two altered IRS Forms W-7 (Application for IRS Individual Taxpayer Identification Number) requesting that the IRS assign TIN to your children.  You altered these Forms W-7 by marking through both the word "Individual" in the caption, and the words "resident alien" beside "Dependent of U.S. citizen" beside block d. found in the "Reason you are submitting Form W-7" section.  Your legal position concerning the use of EIN other than SSN is incorrect.

I.R.C. § 6109(d) provides as follows:

**Use of social security account number**

The social security number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act shall, except as otherwise specified under regulations of the Secretary, be used as the identifying number for such individual for purposes of this title [Title 26, the Internal Revenue Code].

An individual thus may use a TIN other than an SSN only when such use is expressly authorized by the treasury regulations.  Under those regulations, only three types of TIN are used to identify individual persons (who are not also employers):  "Social security numbers, IRS individual taxpayer identification numbers, and IRS adoption taxpayer identification numbers."  Treas. Reg. § 301.6109-1(a)(1)(ii).  An IRS individual taxpayer identification number (or "ITIN") generally is assigned only to a nonresident alien, but in some cases, may be assigned to a resident alien. See Treas. Reg. § 301.6109-1(g)(iii).  Both of your children are citizens and residents of the United States, and therefore are ineligible for an ITIN.  You apparently concede as much by the manner in which you altered each Form W-7.  We note that Form W-7 expressly states "**Do not submit** this form if you have, or are eligible to obtain, a U.S. Social security number (SSN").  As U.S. citizens and residents, your children plainly are legally eligible to obtain SSN.

Because your children have not been placed for adoption, they are also ineligible for an IRS adoption taxpayer identification number.  See Treas. Reg. § 301.6109-3.  Thus, under I.R.C. § 6109(d) and the applicable regulations, SSN are the only possible EIN for your children.  The IRS has no legal authority to assign your children EIN, and accordingly will take no action on the altered Forms W-7 you sent to this office.  The IRS also cannot waive the EIN requirements of sections 151(e) and 24(e).  In sum, your refusal to provide SSN for your children to the IRS bars you from claiming dependency exemptions or a child tax credit for your children.

*       *       *       *       *       *       *

**Motion for Damages**

In our previous letter to you dated January 11, 2005, we cautioned you that if you continued to assert frivolous arguments, our office would file a motion asking the Court to impose damages under I.R.C. § 6673. Enclosed is a copy of a recent court opinion, <u>Kilgore v. Commissioner</u>, T.C. Memo. 2005-24 (filed February 15, 2005). Kilgore is a collection due process case in which the Tax Court granted the IRS's motion for damages under section 6673, and ordered that taxpayer to pay the United States a penalty of $10,000. Our office is affording you one final opportunity to concede your case, and thereby avoid a possible award of substantial damages under section 6673. We urge you to read the <u>Kilgore</u> decision carefully before deciding how to proceed in your case. If you advise us, in writing, by <u>April 15, 2005</u>, that you are conceding your case, we will mail you an appropriate proposed Decision for the parties to sign and file with the Tax Court. Otherwise, we will proceed to prepare your case for trial, and will, at trial, file a motion seeking damages.

OPINION

A taxpayer may raise challenges to the existence or the amount of the taxpayer's underlying tax liability if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the tax liability, sec. 6330(c)(2)(B), including the tax liability reported in the return that such taxpayer filed, <u>Montgomery v. Commissioner</u>, 122 T.C. 1 (2004).

Respondent did not issue a notice of deficiency with respect to petitioner's taxable year 2001. Nor did petitioner otherwise have an opportunity to dispute his alleged tax liability for that year. We shall review respondent's determination de novo. <u>Boyd v. Commissioner</u>, 117 T.C. 127, 131 (2001); <u>Landry v. Commis-</u>

<u>sioner</u>, 116 T.C. 60, 62 (2001).

Respondent summarily disallowed the dependency exemptions claimed for petitioner's two sons in Form 1040A for 2001. That was because (1) section 151(e) provides that no dependency exemption is allowable "with respect to any individual unless the TIN of such individual is included on the return claiming the exemption", and (2) Form 1040A for 2001 that petitioner filed stated "NONE" after the name of each of petitioner's sons in the space provided in that form for "Dependent's social security number". Respondent assessed the tax for petitioner's taxable year 2001 resulting from (1) respondent's disallowance of the personal exemptions claimed in Form 1040A for 2001 for petitioner's sons and (2) respondent's allowance of a $600 rate reduction credit. Respondent's assessment of that tax was proper under section 6213(b)(1) and (g)(2)(H).[5] That is because such assessment arose out of a "mathematical or clerical error". See sec. 6213(b)(1), (g)(2)(H).

The definition of the term "mathematical or clerical error" includes "an omission of a correct TIN required under * * * section 151 (relating to allowance of deductions for personal exemptions)". Sec. 6213(g)(2)(H). The term "TIN" means "the identifying number assigned to a person under section 6109."

_____

[5]Respondent's summary determination that petitioner is liable for 2001 for the addition to tax under sec. 6651(a)(2) also was proper. See secs. 6665, 6213(b).

Sec. 7701(a)(41).

Section 6109(d) provides:

SEC. 6109.   IDENTIFYING NUMBERS.

    (d)  Use of Social Security Account Number.--
The social security account number issued to an indi-
vidual for purposes of section 205(c)(2)(A) of the
Social Security Act shall, except as shall otherwise be
specified under regulations of the Secretary, be used
as the identifying number for such individual for
purposes of this title [26, U.S. Code, i.e., the Inter-
nal Revenue Code].

The regulations under section 6109 provide that an individ-

ual who is not an employer and who is required to furnish a TIN

must use a Social Security number unless the individual is not

eligible to obtain a Social Security number.  See sec. 301.6109-

1(a)(1)(ii)(A) and (B), Proced. & Admin. Regs.  Those regulations

further provide that "Any individual who is duly assigned a

social security number or who is entitled to a social security

number will not be issued an IRS individual taxpayer identifica-

tion number."[6]  Sec. 301.6109-1(d)(4), Proced. & Admin. Regs.  An

_____

    [6]Another type of TIN is an IRS adoption taxpayer identifica-
tion number.  Sec. 301.6109-1(a)(1)(i), Proced. & Admin. Regs.
The term "IRS adoption taxpayer identification number" is defined
as

    a temporary taxpayer identifying number assigned by the
    Internal Revenue Service (IRS) to a child (other than an
    alien individual as defined in § 301.6109-1(d)(3)(i))
    who has been placed, by an authorized placement agency,
    in the household of a prospective adoptive parent for
    legal adoption.  An ATIN [IRS adoption taxpayer identi-
    fication number] is assigned to the child upon applica-
    tion for use in connection with filing requirements
    under the Internal Revenue Code and the regulations

(continued...)

IRS individual taxpayer identification number is generally identified in the records and database of the IRS as a number belonging to a nonresident alien individual.[7]  Sec. 301.6109-1(g)(1)(iii), Proced. & Admin. Regs.  During the year at issue, each of petitioner's sons was a citizen and resident of the United States.

We hold that, in order for petitioner to be entitled for the taxable year 2001 to a personal exemption under section 151, see sec. 151(a), (c), (e), and a child tax credit under section 24, see sec. 24(a), (c), (e), for each of his sons, each of those sons must have, and petitioner must provide to the IRS, a Social Security number.  On the instant record, we find that neither of petitioner's sons has a Social Security number and that petitioner failed to provide such a number for each such son to the IRS.

On the record before us, we hold that for the taxable year

---

[6](...continued)
thereunder. * * *

Sec. 301.6109-3(a)(1), Proced. & Admin. Regs.

The record does not establish that petitioner's sons have ever been placed for adoption.

[7]In the event that the IRS were to determine at the time an individual applies for an IRS individual taxpayer identification number, or thereafter, that such individual is not a nonresident alien individual, the IRS may require such individual to apply for a Social Security number.  Sec. 301.6109-1(g)(1)(iii), Proced. & Admin. Regs.

2001 petitioner is not entitled to a personal exemption or a child tax credit for either of his two sons. We further hold that petitioner's refusal, apparently on moral or religious grounds, to obtain from the Social Security Administration and to provide to the IRS a Social Security number for each of his sons does not excuse him from the requirements of sections 151(e) and 24(e) for the taxable year 2001. See Miller v. Commissioner, 114 T.C. 511 (2000).

Based upon our examination of the entire record before us, we find that respondent may proceed with the collection action as determined in the notice of determination with respect to petitioner's unpaid liability for 2001.

We turn now to respondent's motion for a penalty under section 6673 (respondent's motion). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

Although we shall not impose a penalty under section 6673(a)(1) on petitioner in the instant case, we caution him that he may be subject to such a penalty if in the future he institutes or maintains a proceeding in this Court primarily for delay

and/or his position in any such proceeding is frivolous or groundless.  See <u>Abrams v. Commissioner</u>, 82 T.C. 403, 409-413 (1984); <u>White v. Commissioner</u>, 72 T.C. 1126, 1135-1136 (1979).

We have considered all of the contentions, arguments, and requests of petitioner that are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing,

<u>An order denying respondent's motion for penalty under section 6673 and decision for respondent will be entered</u>.